**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| ERIN BRETT on behalf of herself and others similarly situated, | :    CIVIL ACTION FILE NO. 19-CV-1633 |
|       Plaintiff, | : |
| v. | :    **COMPLAINT – CLASS ACTION** |
| OHIO EQUITY PLUS LLC, | : |
|       Defendant. | :    **JURY TRIAL DEMANDED** |

**Preliminary Statement**

1.      Plaintiff Erin Brett brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2.      The Plaintiff alleges that Ohio Equity Plus LLC ("Ohio Equity") made telemarketing calls to her and other putative class members without their prior express written consent. The calls were made to putative class members despite their presence on the National Do Not Call Registry.

3.      A class action is the best means of obtaining redress for the Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

4.      Plaintiff Erin Brett currently resides in New York.

5.      Defendant Ohio Equity Plus LLC is a limited liability company with its principal place of business in North Ridgeville, Ohio, and a registered agent of Nicholas Phipps at 4456 North Abbe Rd., #303 in Sheffield Avillage, OH 44054.

## Jurisdiction & Venue

6.      The Court has federal question subject matter jurisdiction over these TCPA claims.  *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

7.      The Court has personal jurisdiction over Defendant because of their registration with the State of Ohio. In addition, Defendant maintains its principal place of business in Ohio.

8.      Venue is proper under 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this District.

## TCPA Background

9.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

10.      The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11.      A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

12.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## Additional Factual Allegations

<u>Calls to Plaintiff</u>

13.     Plaintiff's telephone number, (216) 930-XXXX, has been on the National Do Not Call Registry for over 10 years prior to the calls at issue in this case.

14.     Plaintiff's telephone number is used for residential purposes.

15.     The Plaintiff received multiple telemarketing calls from the Defendant in 2018.

16.     These included calls on January 2, November 7, 10, 13, 16, 2018.

17.     The Defendant would sometimes leave a voicemail, which said:

> Hi This is Nick with Ohio Equity Plus and we are looking to buy a house in the neighborhood.  I don't know if you have any interest in selling and if not you don't need to call us back but if you do have any interest in selling in the near future or know someone who might be selling please call us.  We pay cash.  I would buy it as is and you wouldn't need to fix anything and you can pick a move out date that works best for you.  Our number is 216-910-5566 and again if you don't have any interest you don't have to call us back but if you do our phone number is 216-910-5566.  Would love to hear from you.  Thank You.

18.     The Defendant's phone solicitations and message served the purpose of attempting to advertise their services.

19.     However, the Plaintiff was not trying to sell her home.

20.     In fact, the Plaintiff did not live in Ohio.

21.     With these kind of marketing tactics, it comes as no surprise that the Defendant has a "F" rating with the Better Business Bureau. *See* https://www.bbb.org/us/oh/sheffield-lake/profile/real-estate-investing/ohio-investment-group-0312-92017695/details#Alert (Last Visited May 25, 2019).

22.     Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up during the telemarketing calls and their privacy was improperly invaded. Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class.

### Class Action Allegations

23.     As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff bring this action on behalf of classes of all other persons or entities similarly situated throughout the United States.

24.     The class of persons Plaintiff proposes to represent is tentatively defined as:

**<u>National Do Not Call Registry Class</u>**: All persons in the United States who, from four years prior to the filing of this action: (1) Defendant (or an agent acting on behalf of Defendant) made (2) two or more telemarketing calls (3) promoting Defendant's products or services; (4) to a residential phone number that was listed on the National Do Not Call Registry for at least 30 days before the first call; and (5) within any twelve-month period.

25.     Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

26.     The Classes as defined above are identifiable through the Defendant' dialer records, other phone records, and phone number databases.

27.     The potential members of each Class number at least in the hundreds.  Individual joinder of these persons is impracticable.

28.     Plaintiff is a member of the class.

29.     There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

(a)  whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry class;

(b)  whether Defendant's conduct constitutes a violation of the TCPA; and

(c)  whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

30.     Plaintiff' claims are typical of the claims of class members.

31.     Plaintiff are adequate representatives of the classes because her interests do not conflict with the interests of the classes, she will fairly and adequately protect the interests of the classes, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

32.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

33.     The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

34.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

35.     Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

36.     The Defendant violated the TCPA by (a) initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry, or (b) by the fact that others made those calls on its behalf.  *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

37.     The Defendant's violations were negligent and/or knowing.

38.     As a result of the Defendant's violations of the TCPA, 47 U.S.C. § 227(c)(5), Plaintiff and members of the Class are entitled of an award of up to $500 in damages for each call made in violation of this section. The Court may award up to $1,500 if the violation was found to be "willful or knowing".

39.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant' behalf from making calls advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     Certification of the proposed Class;

6

B.      Appointment of Plaintiff as representative of the Class;

C.      Appointment of the undersigned counsel as counsel for the Class;

D.      A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.      An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant' behalf making calls advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry.

F.      An award to Plaintiff and the Class of damages, as allowed by law; and

G.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

**[SIGNATURE ON FOLLOWING PAGE]**

Dated this 17th day of July, 2019.

Respectfully submitted,

**HANSEN REYNOLDS LLC**

By: */s/ Michael C. Lueder*
Michael C. Lueder; SBN: 0039450
Email: *mlueder@hansenreynolds.com*
301 N. Broadway, Suite 400
Milwaukee, WI 53202
Ph. 414-273-7676
Fax: 414-273-8476

**PARONICH LAW, P.C.**

Anthony Paronich (*pro hac vice forthcoming*)
Email: *anthony@paronichlaw.com*
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Ph. 617-485-0018
Fax: 508-318-8100

*Attorneys for Plaintiff*